UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**JACQUELINE PINCH**,                                    Case No. 3:14-cv-01995-KI

                    Plaintiff,                          OPINION AND ORDER

        v.

**DR. JOHN SORENSEN, OREGON
BOARD OF DENTISTRY,
CLEARCHOICE DENTAL IMPLANT
CENTERS**,

                    Defendants.


        Jacqueline Pinch
        P.O. Box 241
        Tualatin, OR 97062

                *Pro Se* Plaintiff

KING, Judge:

        *Pro se* plaintiff Jacqueline Pinch moves to proceed *in forma pauperis*.  An examination

of the application reveals plaintiff is unable to afford the costs of this action.  Accordingly, it is

Page 1 - OPINION AND ORDER

ordered that this action may go forward without payment of fees or costs.

However, under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Additionally, the court is required to dismiss an action if the court determines it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  For the following reasons, I dismiss this case without prejudice.

## LEGAL STANDARDS

*Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Engebretson v. Mahoney, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)).  The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment.  Johnson v. Lucent Tech. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

## DISCUSSION

I have reviewed Pinch's complaint and I conclude that it fails to identify a proper basis for this court's jurisdiction.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  This court has subject matter jurisdiction only if the complaint alleges a claim arising under the Constitution, laws, or treaties of the United States, or if the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).  The complaint "must contain a short and plain statement of the grounds for

the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Pinch's complaint and 183 pages of attachments fail to provide a basis for this court's jurisdiction.  She alleges very generally that she is a crime victim who has suffered "injustice, unfairness, obstruction of justice, flagrant injustice, [an] exceptionally serious offense, crimes against justice, intentional obstruction of good-intended government or government officers, intentional obstruction of good actions of good-intended government or government officers, malfeasance in office, [and] perverting the course of justice."  Notations Regarding this Fed. Compl. 2.  She attaches her "Dental Story of Injustice" alleging Dr. Sorensen and his clinic provided improper dental care, and that the Oregon Board of Dentistry incorrectly concluded Dr. Sorensen did not violate the Dental Practices Act.

For purposes of diversity jurisdiction, Pinch's citizenship must differ from defendants' citizenship, and the matter in controversy must exceed $75,000.  Pinch gives Oregon addresses for herself and all of the defendants.  She cannot base this court's jurisdiction on diversity.

As for federal question jurisdiction, no claim brought by Pinch involves any application of federal constitutional or statutory law.  See Murphey v. Lanier, 204 F.3d 911, 912 (9th Cir. 2000) (generally if federal law creates the cause of action, federal jurisdiction exists), abrogated on other grounds by Mims v. Arrow Fin. Servs., LLC, __ U.S. __, 132 S. Ct. 740 (2012).  Moreover, Pinch does not allege facts supporting a constitutional violation or that any conduct was taken under color of state law within the meaning of Section 1983.  Private parties do not generally act under color of state law, Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir.

1991), and Pinch does not allege any conduct of Dr. Sorensen or his clinic indicating they acted on behalf of the state.  Pinch appears to suggest criminal conduct, but "unless specifically provided for, federal criminal statutes rarely create private rights of action."  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

The existence of federal subject matter jurisdiction must be apparent on the face of the complaint.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).  Since this court lacks federal subject matter jurisdiction over the defendants, and since Pinch cannot cure this defect, her case must be dismissed without prejudice and without leave to amend.

In addition, Pinch's claim against the Oregon Board of Dentistry, as an agency of the State of Oregon, is barred by the Eleventh Amendment.  Unless sovereign immunity is abrogated by Congress or a state, "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States."  Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 952 (9th Cir. 2009) (citing Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)).  The State of Oregon has not consented to being sued in this Court. Webber v. First Student, Inc., 928 F. Supp. 2d 1244, 1269 (D. Or. 2013) (the Oregon Tort Claims Act provides a limited waiver of sovereign immunity for the torts of its officers, employees and agents but does not waive immunity to suit in federal court); Quern v. Jordan, 440 U.S. 332, 345 (1979) (civil rights claims against state under 42 U.S.C. § 1983 are barred by sovereign immunity).  Additionally, I do not see any mention in Pinch's complaint of any federal law she seeks to trigger in which Congress abrogated Oregon's Eleventh Amendment immunity.  Bd. of

Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).[1]

Since Pinch cannot sue the Oregon Board of Dentistry in this court due to sovereign immunity, and because no amendment is possible, her claims against the board are dismissed without prejudice.  See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) (where a plaintiff's claims are dismissed by reason of the Eleventh Amendment, the dismissal "should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court").

## CONCLUSION

For the foregoing reasons, Pinch's Application for Leave to Proceed *In Forma Pauperis* [1] is granted, but this action is dismissed without prejudice and without leave to amend.  Pinch's Motion for Appointment of Counsel [3] is denied as moot.

IT IS SO ORDERED.

DATED this ___18th___ day of December, 2014.


 /s/ Garr M. King
Garr M. King
United States District Judge

_____

[1]Although the Eleventh Amendment does not bar prospective injunctive or declaratory relief against state officials, Pinch has not sued any state officials.  In addition, even were she allowed to add defendants, Pinch has not and cannot show she will "again be subject to the specific injury for which [she] seek[s] injunctive or declaratory relief."  Sample v. Johnson, 771 F.2d 1335, 1340 (1985) (a "physical or theoretical possibility" is insufficient).